WEINSTEIN & RILEY, P.S.
By:  Heather M. Oakley (HO 5385)
19 Jackson Avenue
Washington, NJ 07882
Tel:  (800) 206-7410
Fax:  (212) 268-9562
Attorneys for  Chase Bank USA, N.A.

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE:<br><br>Justine & Thomas P Chamberlin,<br>Debtor(s).<br><br>Chase Bank USA, N.A.,<br>Plaintiff.<br>v.<br><br>Justine Chamberlin,<br><br>Defendant(s). | Case No. 05-47169 DHS<br><br>ADVERSARY PROCEEDING<br><br>CHAPTER 7<br><br>ADV. NO. |

## COMPLAINT FOR NON-DISCHARGEABILITY OF DEBT

Plaintiff, Chase Bank USA, N.A., (hereinafter "Plaintiff"), sues the Defendant(s)/Debtor(s), Justine Chamberlin, (hereinafter "Defendant"), and in support thereof states as follows:

JURISDICTION: VENUE PARTIES

1. This is an adversary proceeding pursuant to Federal Rules of Bankruptcy Procedure 7001 et. seq. Jurisdiction is vested in this Court by virtue of 28 U.S.C. §1334 and 28 U.S.C. §157(b)(2)(I).  This is a core proceeding.  Plaintiff seeks a determination of NON-DISCHARGEABILITY of its debt pursuant to 11 U.S.C. §523(a)(2).

2. Defendant is the debtor in this bankruptcy case, having filed a voluntary petition for bankruptcy relief.

3. Plaintiff is a financial institution which does business in interstate commerce.  It is in the business of making unsecured consumer loans

## FACTS APPLICABLE TO ALL COUNTS

4. Plaintiff is a creditor of Defendant by virtue of having issued a credit line to Defendant on credit card account number XXXXXX9166 (the "Account"). The outstanding balance on the Account is currently $16,596.83.

5. Plaintiff's standard procedure in making a loan of this type, whether an applicant requests or is offered a loan, is for Plaintiff's representative to gather certain standard information, such as name; address; whether the residence is owned or rented; monthly income, source; and social security number. Plaintiff's representative runs a computerized credit check and if the applicant's income appears sufficient, the credit check showing nothing adversely affecting the application beyond Plaintiff's normal limits, and if the applicant's other debts are not excessive, then Plaintiff may make the loan.

6. By obtaining and using the credit line available in the Account, Defendant represented to Plaintiff that Defendant would repay all amounts utilized in accordance with the terms and conditions set forth in the loan agreement.

7. Between 09/12/2005 and 10/05/2005 Defendant accumulated $2,028.00 in retail charges.

8. $2,028.00 of these transactions were made within the presumption period.

9. Defendant was already insolvent at the time of the cash advances and purchases and did not have the present ability or realistic future possibility to repay the debt.

10. Defendant, therefore, had a specific intent to defraud Plaintiff by accepting the benefits of the cash advances and purchases without ever intending to repay same.

11. Defendant's actions constitute material misrepresentations of facts which were intended to be relied upon by Plaintiff in making Defendant a loan.

12. Plaintiff, in fact, did rely upon Defendant's misrepresentations of repayment and was induced to lend money to Defendant by said misrepresentations.

13. Plaintiff has been deprived of valuable assets due to Defendant's actions, which actions amount to actual fraud.

14. It has become necessary to employ counsel to represent the interests of the Plaintiff herein, and the account agreement specifies that Defendant shall be responsible to pay Plaintiff's reasonable attorney's fee in such an instance.

## COUNT I

## NON-DISCHARGEABILITY - 11 U.S.C. §523 (a)(2)(A)

15. Plaintiff repeats and realleges paragraphs 1 through 14 as set forth herein.

16. By reason of the foregoing, Defendant obtained money from Plaintiff through false pretense, false representations and/or actual fraud.

## COUNT II

## NON-DISCHARGEABILITY - 11 U.S.C. §523 (a)(2)(C)

17. Plaintiff repeats and realleges paragraphs 1 through 14 as set forth herein.

18. By reason of the foregoing, Defendant made $2,028.00 of charges on the Account during the presumption which charges are presumed non-dischargeable as a matter of law.

WHEREFORE, Plaintiff, respectfully requests this Honorable Court to enter a judgment against Defendant(s), Justine Chamberlin, pursuant to 11 U.S.C. §523 (a)(2)(A) determining $2,028.00 is non-dischargeable, together with its costs and its reasonable attorney's fees.

**WEINSTEIN & RILEY, P.S.**

BY: \s\ HEATHER M. OAKLEY, ESQ.